UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:21-cv-61756-GOODMAN
[CONSENT]

COLE-PARMER INSTRUMENT
COMPANY, LLC,

      Plaintiff,

v.

PROFESSIONAL LABORATORIES, INC.,

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS
ANSWER AND TO ADD COUNTERCLAIM**

      "The expectations of life depend upon diligence; the mechanic that would perfect his work must first sharpen his tools."

          Confucius (551 – 479 BCE)

      "The leading rule for the lawyer, as for the man of every calling, is diligence."

          Abraham Lincoln (1809 – 1865)

      Plaintiff Cole-Parmer Instrument Company, LLC ("Plaintiff" or "Cole-Parmer") filed its Second Amended Complaint on January 12, 2022. [ECF No. 1]. Defendant Professional Laboratories, Inc. ("Defendant" or "Pro-Lab") filed its Answer and Affirmative Defenses on January 24, 2022. [ECF No. 30]. Then, on April 5, 2023 -- two days before the expiration of the six-times-extended fact discovery deadline -- Defendant

filed the instant motion, seeking to file an Amended Answer, Affirmative Defenses, and Counterclaims, which would include multiple additional affirmative defenses and a counterclaim. [ECF No. 126]. Plaintiff filed a response [ECF No. 141] and Defendant filed an optional reply [ECF No. 145].[1]

For the reasons discussed below, the Undersigned **denies** Defendant's motion.

## I.     Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The discretion given to trial court judges in granting motions for leave to amend weighs in favor of granting said motions such that "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Epsey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

---

[1]      The briefing in this case contains certain redactions which were removed in corresponding under-seal filings. [ECF Nos. 127; 146; 148]. The redacted information is not relevant to the Undersigned's ruling (and is not referenced), so this Order is being publicly filed.

allowance of the amendment, futility of amendment, etc.[,][2] the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (footnote added); *see also Regions Bank v. Commonwealth Land Title Ins. Co.*, No. 11-23257-CIV-SCOLA, 2012 WL 5410948, *2 (S.D. Fla. Nov. 6, 2012) ("While this standard is lenient, 'a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment.'") (quoting *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003)).

As indicated by the rule, leave to amend is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the [pleading] should be granted." *Sanchez v. H & R Maint., L.C.*, 294 F.R.D. 677, 679 (S.D. Fla. 2013) (quoting *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007)); *see* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order may be modified "only for good cause and with the judge's consent"). Therefore, "when granting leave would require modifying a Rule 16 scheduling order, the movant must first show 'good cause.'" *Alexander v. AOL Time Warner, Inc.*, 132 F. App'x 267, 269 (citing and quoting in a parenthetical *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without

---

[2]      But that is a significant list of exceptions.

regard to Rule 16(b), [courts] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.")).

"To show good cause under Rule 16(b), a party must establish that, despite its diligence, the deadline could not be met." *Wolf v. Celebrity Cruises, Inc.* 304 F.R.D. 698, 699 (S.D. Fla. 2015). In other words, "[t]his good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note). "'If [a] party was not diligent, the [good cause] inquiry should end.'" *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

To determine whether a party has acted with diligence, a court may consider: "(1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information." *Nutradose Labs, LLC v. Bio Dose Pharma, LLC*, No. 22-CV-20780, 2022 WL 17582272, at *2 (S.D. Fla. Dec. 12, 2022).

## II.   Discussion

The focus of this discussion will be on Defendant's diligence (or, more accurately, Defendant's *lack* of diligence).

On October 15, 2021, the Court imposed a December 2, 2021 deadline to amend pleadings and a May 26, 2022 deadline to complete fact discovery. [ECF No. 17]. As noted previously, the fact discovery deadline has been extended six times. Most of these extensions (if not all) have been the product of Defendant's failure to adequately search for and failure to timely provide discovery.

On April 20, 2022, the parties filed a joint motion to extend the fact discovery deadline, which the parties agreed was necessary because there was a pending motion to strike Defendant's Answer and because there were multiple disputes concerning *Defendant's discovery production*. [ECF No. 44]. The Court granted the motion and extended the deadline to complete fact discovery through **August 19, 2022**. [ECF No. 46]. In the new scheduling Order, the Court included a provision noting that the deadline to amend pleadings had **expired**. *Id.*

On June 27, 2022, United States District Judge Robert N. Scola, Jr. denied the parties' request for a second extension to the discovery deadline, stating that the parties had failed to establish good cause. [ECF No. 67]. Following this Order, the parties consented to the Undersigned's jurisdiction [ECF Nos. 78-79] and a new trial scheduling

order was entered, which extended the discovery deadline through **November 4, 2022**. [ECF No. 84].

On October 21, 2022, the parties filed a joint motion to extend the discovery deadline an additional two weeks to deal with outstanding discovery issues, related to *only Defendant's discovery obligations* (i.e., there was no mention of any discovery which Defendant was waiting to receive from Plaintiff). [ECF No. 89]. This motion was granted and the discovery deadline was extended through **November 18, 2022**.

On December 9, 2022, a new trial scheduling Order was entered, which extended the fact discovery deadline through **February 3, 2023**. On January 10, 2023, the parties filed another joint motion to extend the discovery deadline, stating that additional time was needed based on Defendant's decision to halt discovery while its motion to disqualify Plaintiff's counsel was pending and the need for Plaintiff to take depositions of Defendant's witnesses. [ECF No. 100]. Again, there was no mention of any discovery issues involving *Plaintiff's* discovery production. The Undersigned granted this motion in part, and extended fact discovery through **March 6, 2023**.

On February 22, 2023, Defendant filed a motion to extend the discovery deadline, arguing that additional time was needed for it to comply with its discovery obligations and to take the deposition of Plaintiff's corporate representative. [ECF No. 109]. The Undersigned granted Defendant's motion on March 3, 2023 and extended the fact

discovery deadline through **April 7, 2023**, solely so that the parties could complete their current discovery production and take those depositions which had already been noticed. [ECF No. 116].

Two days before the six-time extended discovery deadline was set to expire, Defendant filed the instant motion, seeking to amend its answer and "add claims for fraud on the [United States Patent and Trademark Office], failure to provide marking notice, and naked licensing." [ECF No. 126]. Defendant says that it "is not unaware of the late date of this motion" and "do[es] not take this fact lightly." *Id.* In its initial motion, Defendant's only argument in support of diligence is to state that "[i]n this instance the information was obtained during the discovery period and Defendant has acted without delay to seek this relief." *Id.*

Plaintiff contends that Defendant's efforts were anything but diligent. Plaintiff notes that during the discovery period, Defendant served only a single set of document requests and made no efforts to take the depositions of any of Plaintiff's witnesses until mid-February 2023. In other words, Plaintiff says that Defendant made no meaningful discovery efforts until the end of the discovery period, which is the antithesis of diligence.

Defendant accuses Plaintiff of seeking "procedural reasons to avoid the amended filing." [ECF No. 145]. This argument does little to advance Defendant's position. Holding the opposing party to its burden to demonstrate "good cause" to amend a

scheduling order -- even if "procedural" -- is no less legitimate of an argument than any other challenge to Defendant's motion to amend. Every challenge to a motion to amend based on lack of diligence is a "procedural" one, but that hardly means that the motion should be granted. If that were the *de facto* rule, then a lack of diligence would not be one of the relevant factors for the Court to consider. But the diligence factor is baked into Rule 16(b) [i.e., "despite its diligence . . . ."].

The merits of Defendant's "good cause" argument fare no better. Defendant begins by repeating its conclusory claim that it *has* been diligent. Defendant argues that the deposition in which this information was revealed "could not have been conducted earlier because of Plaintiff's dilatory delays in completing document production." Defendant highlights that it served its written request for production on June 8, 2022. Defendant then details the lengthy production process and notes that Plaintiff served its written responses on July 8, 2022 but no documents were produced until October 31, 2022 and the document production continued to "dribble out" in piecemeal fashion until February of 2023, with most of the documents being produced between January 27 and February 2, 2023.

Once the production was complete, Defendant says, it promptly began attempting to schedule the depositions on February 16, 2023 and that Plaintiff could not make its witnesses available before the then-applicable discovery deadline of March 6, 2023. After

the discovery deadline was extended, Defendant learned the identities of Plaintiff's 30(b)(6) witnesses and the earliest dates to take the depositions were March 30 and 31, 2023.

Despite Defendant's insistence, this timeline hardly demonstrates diligence in discovering the information foundational to its motion. The Undersigned appreciates Defendant's unwillingness to schedule a deposition until certain discovery was produced. However, when Plaintiff did not timely produce the documents which Defendant sought (and purportedly needed before taking Plaintiff's 30(b)(6) deposition), Defendant did nothing. Defendant did not request a discovery hearing. Defendant did not seek leave to file a motion to compel. Defendant did not include Plaintiff's purported discovery failures in any of its singular or joint motions for extension of time. Said differently, Defendant was not diligent in seeking discovery.

There were certainly many opportunities to seek court intervention since July 8, 2022. Indeed, during that same timeframe, Plaintiff brought to the Court's attention multiple issues and deficiencies with Defendant's discovery production. Defendant, however, instead of seeking to force Plaintiff's compliance during the more-than-six-month gap that this discovery was outstanding, sat back while discovery was slowly produced. After making no meaningful effort to obtain this discovery, Defendant *now*

argues that it did everything that it could have done to learn this information and that the late discovery of this information falls on Plaintiff's shoulders.

The fact that a party has discovered the information during the discovery period is not a *de facto* demonstration of diligence. Courts have denied motions to amend where more time was left in the discovery period than the mere two days which remained following the filing of Defendant's motion. Thus, to provide a hypothetical, if a party takes no discovery for two years and then propounds discovery for the first time 32 days before the discovery deadline expires, then that party is surely not being diligent, as the cases discussed below demonstrate.

For example, in *Nutradose Labs, LLC v. Bio Dose Pharma, LLC*, No. 22-CV-20780, 2022 WL 17582272, at *1 (S.D. Fla. Dec. 12, 2022), the Court denied the plaintiff's motion to amend its complaint five months after the expiration of the deadline to amend pleadings and more than a week before the end of discovery. In denying the motion, the *Nutradose Labs, LLC* Court stated that "the scheduling of critical depositions mere weeks before the expiration of the discovery period does not constitute good cause to justify Plaintiff's belated request for leave to amend, and a corresponding extension of remaining pretrial deadlines and continuance of trial." *Id.* at *3.

Likewise, in *Yellow Pages Photos, Inc. v. Yellow Book USA, Inc.*, the court denied the defendants' motion to amend its answer filed with a month left during the discovery

10

period. No. 8:08-CV-930-T-23EAJ, 2009 WL 10670233, at *1 (M.D. Fla. Aug. 14, 2009) ("Only a month remains before the close of discovery, and an amendment would allow the plaintiff only a limited opportunity to seek discovery concerning the defense. An amendment at this stage of the case prejudices the plaintiff and rewards the defendants' undue delay.").

Here, Defendant did not meaningfully seek the discovery at issue until the eve of the expiration of the six-time-extended discovery deadline. Defendant says that the above cases are distinguishable because those cases did not involve an opposing party engaged in "extended gamesmanship." However, Defendant was not diligent at all in addressing this purported gamesmanship. Instead, Defendant waited until more than a year after the deadline to file amended pleadings expired to file its motion to amend. Certainly, this information, through the exercise of reasonable diligence, could have been discovered far earlier in the litigation had Defendant made *any* meaningful efforts to seek the discovery (or follow up with the Court about perceived delays). *See Valpak Direct Mktg. Sys., Inc. v. Maschino*, 349 F. App'x 368, 370–71 (11th Cir. 2009) (holding that there was no good cause to amend a pleading after the amendment deadline expired where "the facts underlying the proposed amendment were actually known *or could have been discovered with the exercise of due diligence* in advance of the amendment deadline" (emphasis added)).

Because Defendant has not established good cause, the Undersigned need not address any of the other relevant factors.[3] *Hayes v. Moon*, No. 16-CV-80365-KAM, 2016 WL 11031743, at *1 (S.D. Fla. Nov. 16, 2016) ("If the court finds that the party seeking leave to amend lacked due diligence, then the good cause inquiry ends with a denial of the motion." (citing *Sosa*, 133 F.3d at 1418)).

### III.    Conclusion

Defendant failed to establish that it exercised due diligence in obtaining the information relevant to the motion to amend. Because Defendant has not acted diligently, it cannot establish good cause, and the Undersigned **denies** Defendant's motion.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on May 23, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

---

[3]    Although not necessary for the Undersigned's ruling, the Undersigned notes that Defendant fails to address a critical consequence which would necessarily occur if its motion were granted: discovery would need to be reopened. And, because of the multiple times which discovery has already been extended, the reopening of discovery would require moving the trial date.